UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Darrel K. Harris,

                Petitioner,             **MEMORANDUM & ORDER**
                                                                                                            03-CV-05117 (DG)
     -against-

Glen S. Goord, *Commissioner, New York
Department of Corrections*,

                Respondent.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       By Petition filed in 2003, *pro se* Petitioner Darrel K. Harris, then incarcerated at Clinton Correctional Facility, commenced this action for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, relating to his 1998 conviction in New York Supreme Court, Kings County for murder in the first degree, attempted murder in the first degree, and criminal possession of a weapon in the second degree. *See generally* Petition, ECF No. 1; *see also* ECF No. 9 at 3. By Memorandum and Order issued July 23, 2004, then-United States District Judge John Gleeson denied the Petition and declined to issue a certificate of appealability. *See* ECF No. 9 at 13; *see also* Judgment, ECF No. 12. In August 2004, Petitioner filed a Notice of Appeal. *See* ECF No. 14.

       As set forth in its Order dated March 30, 2005, ECF No. 18, the United States Court of Appeals for the Second Circuit construed the Notice of Appeal as a motion for a certificate of appealability; requested that Petitioner comply with the Second Circuit's Local Rule 22(a); and after Petitioner failed to do, ordered "that petitioner's request for a Certificate of Appealability is DENIED and DISMISSED without prejudice." *See* ECF No. 18 at 1. By Order dated September 15, 2005, ECF No. 19, the Second Circuit – noting that Petitioner moved for reinstatement of his appeal and a certificate of appealability – ordered that Petitioner's "motion

for reinstatement is granted" but that his "motion for a certificate of appealability is denied and the appeal dismissed because [Petitioner] has not made a 'substantial showing of the denial of a constitutional right.'" *See* ECF No. 19 at 1 (quoting 28 U.S.C. § 2253(c)).[1]

In February 2024, Petitioner filed a letter motion (the "Motion"), addressed to Judge Gleeson. *See* Motion, ECF No. 22 (dated February 26, 2024; received in Clerk's Office February 29, 2024). On March 4, 2024, this case was reassigned to the undersigned. *See* docket entry dated March 4, 2024.

In the Motion, Petitioner states:

> I am the defendant in the above-captioned matter and I am writing this application under Rule 60-B regarding my Federal Habeas Corpus that was decided before you.
>
> My reason for this application is that my conviction involved a consideration by the jury for NYCPL 400.27. I was sentenced to the Death Penalty (which was later changed to a sentence of Life in Prison Without the Possibility of Parole).
>
> According to CPL 400.27 it states I could only be sentenced to a sentence of 20-25 years to life as I had the sentencing phase which a jury selected the Death Penalty. The guidelines as setforth under CPL 400.27 was not followed.
>
> Wherefore, I am requesting that my application under Rule 60-b be granted and that an attorney be assigned to me so that he/she can work on getting me a hearing under the aforementioned rule.

*See* Motion at 1.

For the reasons set forth below, the Motion is denied in its entirety.

As relevant here, the Second Circuit has stated that "a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny

---

[1] Familiarity with the procedural history and background of this action – including the proceedings before the Second Circuit – is assumed herein.

the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)); *see also United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (observing that "Rule 60(b) is not available to directly challenge the integrity of an underlying criminal conviction or sentence"); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  The Second Circuit has, however, cautioned district courts about transferring Rule 60(b) motions.  *See Harris*, 367 F.3d at 82 (discussing affording petitioners sufficient opportunity to avoid transfer, referencing *Gitten*); *see also Davis v. New York*, No. 07-CV-09265, 2017 WL 5157458, at *3 (S.D.N.Y. Nov. 6, 2017) (stating that "[t]he Second Circuit suggests that a district court should give a prisoner notice before transferring a Rule 60(b) motion to the Court of Appeals as a second or successive habeas petition in order that the prisoner be given an opportunity to withdraw or restyle the motion" (citing *Gitten*, 311 F.3d at 534)).

Here, the Motion appears to attack the underlying conviction.  *See* Motion at 1.[2]  Accordingly, the Court may either transfer the Motion as a second or successive habeas petition or deny the Motion as beyond the scope of Rule 60(b).  The Court denies the Motion as beyond the scope of Rule 60(b).  *See, e.g.*, *Davis*, 2017 WL 5157458, at *3 (denying motion as beyond the scope of Rule 60(b) "in order to give [petitioner] notice and conserve judicial resources" and noting that "[i]f he so chooses, [petitioner] may seek an order from the Court of Appeals authorizing a second habeas petition").[3]

\* \* \*

---

[2] Even liberally construed, the Motion does not appear to attack the integrity of the habeas proceeding.  *See* Motion at 1; *see also Harris*, 367 F.3d at 82.

[3] In light of the above, Petitioner's request for the appointment of counsel is denied.

The Motion, ECF No. 22, is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

>                          */s/ Diane Gujarati*
>                          DIANE GUJARATI
>                          United States District Judge

Dated: July 22, 2024
       Brooklyn, New York

4